JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

PATRICK NAYYAR, and
CONRAD STANISCLAUS MULHOLLAND,
    a/k/a "Conrad Stan,"
    a/k/a "Stan,"

             Defendants.

- - - - - - - - - - - - - - - - x

INDICTMENT

09 Cr.

**09 CRIM. 1037**

## COUNT ONE

Conspiracy To Provide Material Support Or
Resources To A Foreign Terrorist Organization

The Grand Jury charges:

1. From at least in or about July 2009, up to and including in or about September 2009, in the Southern District of New York and elsewhere, PATRICK NAYYAR, CONRAD STANISCLAUS MULHOLLAND, a/k/a "Conrad Stan," a/k/a "Stan," the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), namely, property, tangible and intangible, and service, including weapons, ammunition, and vehicles, to Hizballah, a designated foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, in violation of Title 18, United States Code, Section 2339B.

2. It was a part and an object of the conspiracy that PATRICK NAYYAR, and CONRAD STANISCLAUS MULHOLLAND, a/k/a "Conrad Stan," a/k/a "Stan," the defendants, agreed to provide, through a confidential informant working with the Federal Bureau of Investigation, guns, ammunition, vehicles, bulletproof vests, and nightvision goggles, to Hizballah, and did provide to the confidential informant, among other things, a handgun, a box of ammunition, and a pick-up truck, knowing that Hizballah was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah had engaged and was engaging in terrorist activity (as defined in Section 212(a)(3)(B) of the Immigration and Nationality Act), and that Hizballah had engaged and was engaging in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

(Title 18, United States Code, Section 2339B.)

COUNT TWO

Provision of Material Support Or
Resources To A Foreign Terrorist Organization

The Grand Jury further charges:

3. From at least in or about July 2009, up to and including in or about September 2009, in the Southern District of New York and elsewhere, PATRICK NAYYAR, CONRAD STANISCLAUS MULHOLLAND, a/k/a "Conrad Stan," a/k/a "Stan," the defendants,

and others known and unknown, unlawfully and knowingly did provide and attempt to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), namely, property, tangible and intangible, and service, including weapons, ammunition, and vehicles, to Hizballah, a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that Hizballah was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah had engaged and was engaging in terrorist activity (as defined in Section 212(a)(3)(B) of the Immigration and Nationality Act), and that Hizballah had engaged and was engaging in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339B, 2.)

### COUNT THREE

Conspiracy To Make Or Receive A Contribution Of
Funds, Goods, Or Services To, And For The Benefit Of, Hizballah

The Grand Jury further charges:

4.   From at least in or about July 2009, up to and including in or about September 2009, in the Southern District of New York and elsewhere, PATRICK NAYYAR, and CONRAD STANISCLAUS MULHOLLAND, a/k/a "Conrad Stan," a/k/a "Stan," the defendants, United States persons, unlawfully, willfully, and knowingly violated a regulation issued under Chapter 35 of Title 50, United

States Code, to wit, the defendants, along with others known and unknown, did combine, conspire, confederate, and agree together and with each other to make a contribution of funds, goods, and services to and for the benefit of, Hizballah, a specially designated terrorist organization, as defined in Title 31, Code of Federal Regulations, Section 595.311, by agreeing with others to provide to Hizballah, through a confidential informant working with the Federal Bureau of Investigation, guns, ammunition, vehicles, bulletproof vests, and nightvision goggles.

(Title 50, United States Code, Section 1705(a); Title 31, Code of Federal Regulations, Sections 595.204, 595.205, 595.311.)

## COUNT FOUR

### Making Or Receiving A Contribution Of Funds, Goods, Or Services To, And For The Benefit Of, Hizballah

The Grand Jury further charges:

5. From at least in or about July 2009, up to and including in or about September 2009, in the Southern District of New York and elsewhere, PATRICK NAYYAR, and CONRAD STANISCLAUS MULHOLLAND, a/k/a "Conrad Stan," a/k/a "Stan," the defendants, United States persons, unlawfully, willfully, and knowingly violated a regulation issued under Chapter 35 of Title 50, United States Code, to wit, the defendants, along with others known and unknown, attempted to and did make a contribution of funds, goods, and services to and for the benefit of Hizballah, a specially designated terrorist organization, as defined in Title

31, Code of Federal Regulations, Section 595.311, in that the defendants attempted to and did provide to Hizballah, through a confidential informant working with the Federal Bureau of Investigation, a handgun, a box of ammunition, and a pick-up truck.

(Title 50, United States Code, Section 1705(a); Title 31, Code of Federal Regulations, Sections 595.204, 595.205, 595.311; and Title 18, United States Code, Section 2.)

## COUNT FIVE

### Illegal Possession of a Firearm and Ammunition

The Grand Jury further charges:

6. From at least on or about August 3, 2009, up to and including on or about August 5, 2009, in the Eastern District of New York and elsewhere, PATRICK NAYYAR, the defendant, unlawfully, willfully, and knowingly, being an alien who was illegally and unlawfully in the United States, did possess in and affecting commerce a firearm, to wit, a Colt Delta Elite Auto Handgun, and ammunition, to wit, 48 Winchester, 10mm, automatic, subsonic, 180 grain, jacketed hollow point bullets, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(5), 2.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

PATRICK NAYYAR, and
CONRAD STANISCLAUS MULHOLLAND,
a/k/a "Conrad Stan,"
a/k/a "Stan,"

Defendants.

INDICTMENT

09 Cr.

(18 U.S.C. §§ 2339B, 2;
50 U.S.C. § 1705(a);
18 U.S.C. §§ 922(g)(5), 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

10/26/09

Indictment filed, case assigned to judge Sweet, arrest warrant issued. F. Maas, USMJ